**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BIC CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>ARROW LIGHTER, INC. d/b/a MK LIGHTER, INC. and MK LIGHTER COMPANY, EXCEL WHOLESALE DISTRIBUTORS INC., MILAN IMPORT EXPORT COMPANY, LLC, JOHN DOE COMPANIES 1-10, and JOHN OR JANE DOES 1-10,<br><br>    Defendants. | Case No. 1:18-cv-06922-DLI-PK<br><br>**UNOPPOSED MOTION**<br><br>**SERVED ON MAY 13, 2019** |

**MEMORANDUM OF LAW OF DEFENDANTS ARROW LIGHTER, INC. D/B/A MK LIGHTER, INC. AND MK LIGHTER COMPANY AND EXCEL WHOLESALE DISTRIBUTORS INC. IN SUPPORT OF UNOPPOSED MOTION TO STAY PROCEEDINGS, PURSUANT TO 28 U.S.C. § 1659 AND THE COURT'S INHERENT POWER, PENDING FINAL DISPOSITION OF PARALLEL PROCEEDINGS BEFORE THE UNITED STATES INTERNATIONAL TRADE COMMISSION**

**I.    INTRODUCTION**

In early December, 2018, Plaintiff BIC Corporation ("Plaintiff") filed almost identical Complaints alleging trademark/trade dress infringement in this Court and in the United States International Trade Commission ("ITC" or "Commission"). In the interests of judicial economy and the parties, and to avoid conflicting rulings, Defendants Arrow Lighter, Inc. d/b/a MK Lighter Inc. and MK Lighter Company ("Defendant Arrow") and Excel Wholesale Distributors Inc. ("Defendant Excel") respectfully move this Court via this motion ("Motion"), pursuant to 28 U.S.C. § 1659(a)

and this Court's inherent power, to stay this case as to Defendant Arrow and Defendant Excel[1] until the date on which the determination of the ITC in the proceeding styled *In the Matter of Certain Pocket Lighters*, Inv. No. 337-TA-1142, becomes final.

Counsel for Defendants met and conferred with counsel for Plaintiff BIC Corporation. Plaintiff's counsel responded that it does not oppose the motion to stay this case as to Defendants Arrow and Excel.  Plaintiff's counsel further responded that Plaintiff opposes any stay of this case as to Defendant Milan Import Export Company, LLC, given Plaintiff's pending motion for default judgment as to that defendant (Docket Entry 23).

## II.   FACTUAL BACKGROUND

Plaintiff filed its Federal Complaint for, among other things, trademark/trade dress infringement on December 5, 2018, pertaining to pocket lighters.  In its Federal Complaint, Plaintiff alleges infringement of its alleged trademark/trade dress set forth in United States Patent and Trademark Office, Reg. Nos. 1,761,622 (the "'622 Mark") and 2,278,917 (the "'917 Mark"). Declaration of Charles C.H. Wu ("Wu Decl."), ¶ 2.

Plaintiff filed an almost identical Complaint in the ITC involving the same marks and accused products, entitled *In the Matter of Certain Pocket Lighters* (the "ITC Proceeding") on December 6, 2018.  In its ITC Complaint, Plaintiff requested that the ITC institute an investigation[2]

---

[1]Through this Motion, Defendants seek a stay only as to Defendant Arrow and Defendant Excel, and not the other remaining defendant Milan Import Export Company, LLC, which is currently in default.

[2]Filing a complaint with the ITC does not guarantee an investigation.  Instead, the ITC exercises its discretion to determine whether an investigation should take place.  19 C.F.R. §§ 210.9, 210.10.

against Defendants Arrow and Excel, among others, under Section 337 of the Tariff Act of 1930, as amended.  Plaintiff's ITC Complaint asserts infringement of the same '622 Mark and '917 Mark.  Wu Decl., ¶ 3; **Exhibit A** (ITC Complaint [exhibits omitted]).

On or about December 22, 2018, the United States federal government shut down.  The shutdown lasted until on or about January 25, 2019.  During the shutdown, there was little or no activity in either case.  Wu Decl., ¶ 4.

On or about February 12, 2019, the ITC accepted the ITC Proceeding by instituting an investigation (Inv. No. 337-TA-1142) naming Defendants Arrow and Excel as Respondents, along with other parties named as defendants in this District Court action.  See, Wu Decl., ¶ 4; **Exhibit B** (Federal Register, Vol. 84, No. 29, 3486).  However, at that time, Defendants Arrow and Excel had not yet been served with the Complaint in the current action nor any of the other named parties to Defendants' knowledge. Thus, until after the government shutdown concluded, and Defendants had been served with this action, which did not take place until on or about February 27, 2019, Defendants Arrow and Excel did not definitively know there were two actions pending that would go forward and/or that a stay of proceedings would be warranted or necessary.  Wu Decl., ¶ 6.

On or about February 27, 2019, Plaintiff's Federal Complaint was served on Defendants Arrow and Excel (Docket Entries 10 and 11).  It was only when Defendants' counsel learned of the service of the Federal Complaint that Defendants and their counsel had full notice they would have to defend two parallel proceedings simultaneously.  Wu Decl., ¶ 7.

\ \ \

\ \ \

## III. THIS COURT SHOULD GRANT A MANDATORY STAY PURSUANT TO 28 U.S. CODE SECTION 1659

Under Section 1659, the Court "shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission," at the request of any party to the civil action that is also a respondent in an ITC proceeding involving the same parties. 28 U.S.C. § 1659(a). The stay must be granted if it is made within thirty days from the later of: (1) the party being named a respondent in a proceeding before the ITC, or (2) the filing of the district court action. 28 U.S.C. § 1659(a)(1)-(2); *see also*, *In re Princo Corp.* (Fed.Cir. 2007) 478 F.3d 1345, 1355 (granting writ of mandamus and directing district court to stay proceedings pursuant to 28 U.S.C. §1659(a) until the ITC proceeding became final and was no longer subject to judicial review).

Section 1659 mandates a stay in this case because the ITC Proceeding involves the same parties (Plaintiff and Defendants) and the same issues (infringement of the '622 Mark and '917 Mark). Defendants Arrow and Excel were served with the New York District Court Complaint on February 27, 2019 and therefore could not have known they would have to defend two identical cases simultaneously before that date. *Universal Tool & Stamping Co. v. Ventra Group* (N.D.Ind. 1998) 46 U.S.P.Q.2D (BNA) 1799, 1800, 1998 WL 303298, *1, 1998 U.S.Dist.LEXIS 11541, at *2-3 (granting a motion to stay pursuant to Section 1659 filed within 30 days of service of the complaint). Upon learning of the parallel proceedings, Defendants Arrow and Excel timely filed this Motion within thirty (30) days of being served with the Complaint.

Defendants Arrow and Excel should not be prejudiced due to Plaintiff's delay in serving the Complaint in this matter until February 27, 2019 and in light of, the United States federal

government shut down from on or about December 22, 2018 until on or about January 25, 2019.

## IV. THIS COURT SHOULD GRANT A DISCRETIONARY STAY PURSUANT TO THIS COURT'S INHERENT POWER

In addition to Section 1659, this Court has the inherent power to grant a discretionary stay. A district court has the inherent power to control the disposition of the causes on its own docket with economy of time and effort for itself, for counsel, and for litigants. *Landis v. N. Am. Co.* (1936) 299 U.S. 248, 254. Incidental to this power is the power to stay an action. *Id.*; *see also*, *TradeWinds Airlines, Inc. v. Soros* (S.D.N.Y. 2011) No. 08 Civ. 5901 (JFK), 2011 WL 309636, at *3.

In deciding a motion to stay, a court looks to various factors, including: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *Kappel v. Comfort* (S.D.N.Y. 1996) 914 F.Supp. 1056, 1058; *see also*, *Comcast Corp. v. Rovi Corp.* (S.D.N.Y. 2017), No. 16-CV-3852 (JPO), 2017 WL 2062989, at fn. 6 (citing to *In re OxyContin Antitrust Litig.* (S.D.N.Y. 2012) No. 04 MD 1603, 2012 WL 5184949, at *67). "In balancing these factors, 'the basic goal is to avoid prejudice.'" *In re OxyContin* at *67 (quoting *TradeWinds* at *3); *see also*, *Perez v. Cent. Credit Servs., LLC* (E.D.N.Y. Aug. 11, 2018, No. 2:17-cv-6018) ("[T]he Court and the parties share an interest in conserving resources while a case is pending that may clarify issues raised in the instant case. This will minimize the risk of de minimis motion practice.").

**(1). Plaintiff Will Not Be Harmed by a Stay.**

Identical claims to those brought here will be addressed in the ITC Proceeding and a delay in this Court's decision does not constitute prejudice. *See*, *FormFactor, Inc. v. Micronics Japan Co.* (N.D.Cal. Feb. 2008) No. CV-06-07159 JSW, 2008 WL 361128, at *2 (granting a discretionary stay, even as to non-overlapping claims (those not at issue before the ITC), after finding that a simple delay of the court's decision does not demonstrate "irreparable damage"). Plaintiff will also not be harmed because this litigation is still in its earliest stages. *See*, *Alloc, Inc. v. Unilin Decor N.V.* (D. Del. 2003) Civil Action No. 03-253-GMS, 2003 WL 21640372, at *3 (noting an absence of prejudice where stay is entered "before any party incurs substantial litigation-related expenses"); *Lasala v. Needham & Co.* (S.D.N.Y. 2005) 399 F. Supp. 2d 421, 430 (no prejudice where stay opponent had "not yet incurred significant cost or expended much effort in this action, as proceedings have barely begun"). Nor will Plaintiff be "compelled to stand aside while a litigant in another [case] settles the rule of law that will define the rights of both"—another frequent form of prejudice—as Plaintiff will be actively pursuing its identical claims in the ITC Proceeding. *Lasala* at 430 (internal quotations and citation omitted).

Moreover, the ITC Proceeding is on an expedited schedule wherein the matter will be tried at a hearing set to start on November 12, 2019, with an initial determination due by February 12, 2020. Wu Decl., ¶ 8; **Exhibit C** (ITC Scheduling Order).

**(2). Defendants Will Be Prejudiced If a Stay Is Not Granted.**

It would be inequitable and inefficient to force Defendants to defend themselves against identical claims in two separate proceedings at the same time. In addition, discovery in the two pending matters would be duplicative in some respects (i.e., the alleged trademarks/trade dress at

issue) while differing in significant ways (such as named respondents, remedies, and timing, including that the ITC Proceeding includes certain overseas respondents not named in the New York District Court action). *Kappel* at 1058 (the possibility of duplicative, yet differing, discovery would frustrate the court's ability to coordinate discovery and would prejudice defendants). If they must proceed at the same time before the ITC and this Court, Defendants will be forced to simultaneously engage in overlapping discovery and prosecute dispositive motions in both forums, and may be subject to different and potentially conflicting rulings. Thus, the prejudice Defendants would suffer if this case is not stayed outweighs significantly any harm Plaintiff might face as a result of a stay.

**(3). A Discretionary Stay Will Further the Interests of This Court.**

Here, efficiency concerns weigh in favor of a discretionary stay. *Lasala* at 427 ("a court might, in the interest of judicial economy, enter a stay pending the outcome of proceedings which bear upon the case, even if such proceedings are not necessarily controlling of the action that is to be stayed"). Indeed, a stay of this action as to Defendants Arrow and Excel "would be the most efficient and fairest course of action" because "the issues resolved in the ITC hearing will bear" upon the issues before this Court. *See*, *FormFactor* at 10; *see also*, *Flexsys Am., LP v. Kumho Tire, U.S.A., Inc.* (N.D.Ohio 2005) Case No. 5:05 CV 156, 2005 WL 1126750, at *3 (granting discretionary stay because "[i]t is more than likely that after the ITC ruling, the parties in this case will have fewer issues for this Court to resolve" resulting in "a tremendous savings of judicial time and resources"). The interest of efficiency benefits both parties as well as the Court. *Alloc* at *2 (discretionary stay pending ITC proceedings "will benefit both parties by reducing litigation costs" and "will also best conserve the court's scarce resources").

**(4) and (5). A Stay Will Further the Interests of Non-Parties and the Public.**

Courts have agreed that parallel proceedings are troubling: "it is troubling to the Court that by allowing parallel proceedings..., Congress has created the real possibility of inconsistent results between the agency and district court proceedings." *Kaisha v. Bombardier, Inc.* (C.D. Cal. Mar. 9, 2001) Case No. SA CV 00-549 DOC (EEx), 60 U.S.P.Q.2D (BNA) 1541, 1543, 2001 WL 1388911, at *2 (citing to *In re Convertible Rowing Exerciser Patent Litig. v. Weslo Design Int'l, Inc.* (D.Del. 1985) 616 F.Supp. 1134, 1142-43). Courts have also found that "permitting parallel proceedings involving identical fact patterns applying identical law permits parties to engage in forum shopping" and also "permits [a] plaintiff to force a defendant to fight two battles at once". *Id.* at 3 (citing *Texas Instruments, Inc. v. Tessera, Inc.* (Fed.Cir. 2000) 231 F.3d 1325, 1330). A stay of this case would further the interests of the public in avoiding parallel proceedings, inconsistent findings, and the possibility of forum shopping.

**V.    PLAINTIFF'S AND CO-DEFENDANTS' RESPONSE TO MOTION AND CONCLUSION**

Counsel for Defendant Arrow[3] communicated with Plaintiff's counsel about the relief requested in this Motion, including via an email dated March 26, 2019, and requesting whether Plaintiff would consent to such a motion or oppose such a motion. Plaintiff's counsel responded on March 28, 2019 and indicated it would review the Motion and then take a position. Wu Decl., ¶ 9.

Counsel for Defendant Excel notified Defendant Arrow on March 28, 2019 that Defendant Excel would not oppose and would consent to this Motion. Wu Decl., ¶ 10. Defendant Arrow is not aware that co-defendant Milan Import Export Company, LLC is represented by counsel in either

---

[3] Counsel for Defendant Arrow recently, in April 2019, substituted in as counsel for Defendant Excel and now represents both Defendants. Wu Decl., ¶ 9.

this action or the ITC Proceeding and thus Milan's position on the Motion was not obtained. Wu Decl., ¶ 11.

This Motion was originally served on the parties on March 29, 2019 pursuant to this Court's Bundle Rule. Since March 29, 2019, Plaintiff and Defendants have been engaged in dialogue spanning several weeks regarding this stay and other issues. As part of such dialogue, and to conserve party and Court resources, Plaintiff requested additional time to respond to Defendants' served, but not yet filed per this Court's Bundle Rule, Motion. Wu Decl., ¶ 12.

Plaintiff's counsel informed Defendants' counsel on May 10, 2019 that Plaintiff does not oppose the motion to stay this case as to Defendants Arrow and Excel. Plaintiff's counsel further responded on May 10, 2019 that Plaintiff opposes any stay of this case only insofar as to Defendant Milan Import Export Company, LLC, given Plaintiff's pending motion for default judgment as to that defendant (Docket Entry 23). Wu Decl., ¶ 13.

For the foregoing reasons, Defendants respectfully request that the Court stay this action as to Defendant Arrow and Defendant Excel under 28 U.S.C. § 1659(a) and/or this Court's inherent power until the determination of the ITC Proceeding, including until any appeals therefrom, become final.

Respectfully submitted,

Dated: May 13, 2019

    /s/ Charles C.H. Wu
Charles C.H. Wu, Esq.
Vikram M. Reddy, Esq.
CHARLES C.H. WU & ASSOCIATES, APC
98 Discovery
Irvine, California 92618-3105
Tel: 949-251-0111 / Fax: 949-251-1588
Email: cchwu@wclawyers.com
Email: vreddy@wclawyers.com
Attorneys for Defendant Arrow Lighter, Inc. d/b/a MK Lighter Inc. and MK Lighter Company; and Excel Wholesale Distributors Inc.